SHANNON, Judge.
The appeal in this case is from a writ of assistance issued by the lower court following the primary case of Welbourn, et al. v. Cohen, et al., a case in which rescission of a purchase of real property was denied, and defendants’ counterclaim of foreclosure granted, that case being affirmed by us and reported this date as Welbourn v. Cohen, 104 So.2d 380.
The essential facts explaining the transactions between the parties, leading up to the decree of foreclosure, are set out in the companion case referred to above. The only one especially pertinent to this appeal is that the mortgaged property had been bought subject to an intermediate leasehold estate, and that the vendors’ sublease was assigned some few days after the sale and execution of the purchase money mortgage thereafter foreclosed. Under this state of facts plaintiffs had refused to deliver possession of the premises after foreclosure, contending, as they still contend here, that where there is a mortgaged reversion in fee, and an outstanding intermediate leasehold estate, and the owner of the reversion in fee later obtains a subleasehold estate from the lessee without executing a mortgage of the subleasehold estate, the lien of the mortgage of the reversion in fee does not automatically attach- to the subleasehold estate. Regardless of the interesting legal questions raised by plaintiff’s stand, it *384 must be remembered that all the parties and all the facts were before the lower court during the initial litigation, and that the final decree of foreclosure provided in part that:
“John A. Welbourn, Jr. and Norma C. Welbourn, his wife, * * * are forever barred and foreclosed of and from all right, title, interest, claims and demands of any kind and nature whatsoever in and to the property herein described.”
Plaintiff apparently did not argue the point he now seeks to raise during the first hearing, or at any rate he did not argue it on appeal from the final decree, and he cannot now collaterally attack the decree in a subsequent proceeding. In 37 Am. Jur., Mortgages, Section 822, it is said:
“The principles of estoppel are frequently applied in regard to the rights of purchasers at mortgage foreclosure sales. The estoppel may affect the rights of the purchaser either by application to him or by application to other persons who have claims which affect his rights. A party to a suit to enforce liens has the duty to implead therein any title or equity to which he may deem himself entitled in land sought to be charged; and if he suffers confirmation of a foreclosure sale, without presenting his title or equity for adjudication by proper procedure, and accepts the benefits of the proceeds paid by the purchaser, the latter acquires the land exempt from such legal or equitable claim.”
Again, in 31 C.J.S. Estoppel § 9, the same principles are'stated as follows:
“The rule of estoppel by record bars a second action between the same parties on an issue necessarily raised and decided in the first action; so, an issue of ownership of property and its incidents thus adjudicated cannot be relitigated in a second action between the same parties. It has been held that the rule prevents a party not only from litigating again what was actually litigated in the former case, but also from litigating what might have been litigated therein.”
Plaintiffs' rights in the property have been previously adjudicated, and he is now estopped by that decree. The lower court correctly issued the writ of assistance.
Affirmed.
ALLEN, Acting Chief Judge, and STEPHENSON, GUNTER, Associate Judge, concur.